UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-09706 JAK (Ex) | Date | May 26, 2021 |
|---|---|---|---|
| Title | Sanjiv Goel M.D., Inc. v. Aetha Health of California, Inc., et al | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION TO REMAND CASE TO VENTURA SUPERIOR COURT (DKT. 12);**

**MOTION TO DISMISS COMPLAINT (DKT. 14)**

On September 21, 2020, Sanjiv Goel, M.D., Inc. brought this action in the Ventura County Superior Court against Aetna Health of California, Inc.; Aetna Life Insurance Company; Aetna Health and Life Insurance Company; and ten unnamed Defendants. Dkt. 1-1 (Complaint). The Complaint advances seven causes of action arising out of Defendants' alleged failures to pay Plaintiff for emergency health care services. *Id*. ¶ 1.

On October 22, 2020, Defendants removed the action on the basis of diversity jurisdiction. Dkt. 1. On November 25, 2020, Plaintiff filed a Motion to Remand. Dkt. 12 (the "MTR"). On the same day, Defendants filed a Motion to Dismiss. Dkt. 14 (the "MTD"). Both motions were opposed. Dkt. 21 (the MTD Opposition"); Dkt. 22 (the "MTR Opposition"). On February 19, 2021, Defendants filed a reply in support of the MTD. Dkt. 26 (the "MTD Reply").

A hearing on the Motions was held on April 19, 2021. Dkt. 28. Following the hearing, the parties submitted supplemental briefing as to Plaintiff's offer to stipulate to a recovery of no greater than $75,000. Dkt. 29 ("Plaintiff's Supplemental Brief"); Dkt. 30 ("Defendants' Supplemental Brief"). Both the MTR and the MTD were taken under submission. Dkt. 28.

For the reasons stated in this Order, the MTR is **DENIED** and the MTD is **GRANTED**, with leave to amend.

**I.    Factual Background**

    A.    The Parties

Plaintiff is alleged to be a California corporation. Dkt. 1-1 ¶ 5. Through this corporate form, Sanjiv Goel ("Dr. Goel"), a board-certified physician, provides emergency medical services and care to patients as required by Cal. Health & Safety Code § 1317.1(a)(1). *Id.* The Complaint refers to Plaintiff and Dr. Goel interchangeably.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-09706 JAK (Ex) | Date | May 26, 2021 |
|---|---|---|---|
| Title | Sanjiv Goel M.D., Inc. v. Aetha Health of California, Inc., et al | | |

The Complaint alleges that each Defendant -- Aetna Health of California, Inc. ("AHC"), Aetna Life Insurance Company ("ALIC"), and Aetna Life and Health Insurance Company ("AHLIC") -- is a corporation doing business in Thousand Oaks, California. *Id.* ¶¶ 6-8. It is also alleged that each is licensed by the California Department of Managed Care to act as a "health care service plan" within the meaning of the Knox-Keene Act, Cal. Health & Safety Code § 1345(f). *Id.* It is also alleged that each Defendant acts as an agent for the others, and that they act jointly in certifying or authorizing Plaintiff's services to members, in pricing Plaintiff's claims and approving and denying them, and in carrying out other activities related to health plans. *Id.* ¶ 11.

The Notice of Removal states that that ALIC is a Connecticut corporation whose principal place of business is there; that Defendant AHLIC is a Connecticut corporation whose principal place of business is there; and that AHC is a California corporation whose principal place of business is here. Dkt. 1 ¶¶ 7(c)-(e).

  B.  Allegations in the Complaint

It is alleged that Dr. Goel has a statutory duty to provide emergency medical services and care to patients. Dkt. 1-1 ¶ 23. It is alleged that Dr. Goel provides such services to members of Defendants' health plans, although he does not have a contract with Defendants and is, therefore, an "out-of-network" provider. *Id.* ¶¶ 19, 21, 23. It is alleged that when Dr. Goel treats such out-of-network patients, he confers a benefit on Defendants, because the choice to go out-of-network will increase the premiums from such patients. *Id.* ¶ 22.

It is alleged that Dr. Goel provided emergency medical services to K.S., a patient who is a member of a health plan "for which Defendants are financially responsible." *Id.* ¶¶ 1, 2, 13. It is alleged that Defendants have failed to pay Plaintiff for these services, notwithstanding that the amount charged for them reflects the reasonable and customary value of Dr. Goel's services. *Id.* ¶¶ 32-33. It is further alleged that Defendant has "grossly underpaid" Plaintiff and owes at least $94,653.43 for the services provided to K.S. *Id.* ¶¶ 33, 35. It is alleged that these billing disputes will continue in the future when other patients insured by Defendants are treated by Dr. Goel. *Id.* ¶ 35.

It is also alleged that Defendants "blacklist[ed]" certain procedures performed by Dr. Goel, and that his claims are processed through Defendants' Special Investigations Unit, which leads to further delay in payments. *Id.* ¶¶ 38, 39.

  C.  Statements in the Notice of Removal

The Notice of Removal states that neither ALIC nor AHLIC provides HMO plans. Dkt. 1 ¶ 3. It is further stated that AHC provides HMO plans in California. *Id.*

It is also stated that K.S. was a member of the Lacoste USA, Inc. Benefit Plan, a fully insured plan issued and administered by ALIC (the "Plan"). *Id.* ¶¶ 4-5. It is further alleged that neither AHC nor AHLIC issued or administered this Plan. *Id.* ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-09706 JAK (Ex) | Date | May 26, 2021 |
|---|---|---|---|
| Title | Sanjiv Goel M.D., Inc. v. Aetha Health of California, Inc., et al | | |

## II. Requests for Judicial Notice

Defendants submitted two requests for judicial notice. Dkt. 14-4 (the "MTD RFN"); Dkt. 23 (the "MTR RFN"). In connection with the MTD, Defendants seek judicial notice of the Medical Plan Booklet Certificate for the Plan. Dkt. 14-4 ¶ 1. Many of the causes of action alleged in the Complaint depend on the existence of coverage. The Complaint also contains specific references to the coverage of K.S. Dkt. 1-1 ¶¶ 79-80. Accordingly, the Booklet Certificate is "incorporated by reference in the complaint" and may be considered in the context of a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

Defendants also seek notice of a list of health care service plans maintained by the California Department of Managed Care. These materials are from a government website, and are also a proper subject of judicial notice. *Daniels-Hall v. National Education Association*, 629 F.3d 992, 998-99 (9th Cir. 2010).

In connection with the MTR, Defendants seek judicial notice of an exhibit submitted by Aetna, Inc. to the Securities and Exchange Commission as part of its Form 10-K. Courts can consider securities offerings and corporate disclosure documents that are publicly available. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008). However, the truth of the content contained in such filings is not the proper subject of judicial notice. *Gerritsen v. Warner Bros. Entertainment, Inc.*, 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015) (citing *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008)). Accordingly, judicial notice of the exhibit is taken, but not of the truth of its statements.

For the foregoing reasons, the MTD RFN is **GRANTED** and the MTR RFN is **GRANTED-IN-PART**.

## III. Analysis

### A. The MTR

#### 1. Legal Standards

##### a) Diversity Jurisdiction

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed, and any doubt as to the appropriateness of removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal citations omitted).

Diversity jurisdiction is presented when the amount in controversy exceeds $75,000 and the adverse

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-09706 JAK (Ex) | | Date | May 26, 2021 |
|---|---|---|---|---|
| Title | Sanjiv Goel M.D., Inc. v. Aetha Health of California, Inc., et al | | | |

parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). A person is a citizen of the state where he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...." 28 U.S.C. § 1332(c)(1).

In removing an action based on a claim of diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). If it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove that amount by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996)).

The removing party cannot rely on a statement that on its "information and belief" the amount in controversy exceeds the jurisdictional amount. *Valdez,* 372 F.3d at 1117. Rather, the removing party must provide evidence establishing that it "is more likely than not" that the amount in controversy exceeds $75,000. *Id.* The removing party may present "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (quoting *Matheson*, 319 F.3d at 1090).

    b)  Fraudulent Joinder

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

This standard imposes a "heavy burden" on the party asserting fraudulent joinder. *Hunter*, 582 F.3d at 1046. Although the test is similar to the one that applies under Fed R. Civ. P. 12(b)(6), the Ninth Circuit has explained that it is more appropriately compared to the "wholly insubstantial and frivolous" standard for dismissing claims for lack of federal question jurisdiction. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). *See also Davis v. Prentiss Props. Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) ("[A] federal court's fraudulent-joinder consideration should be akin to an application of Rule 11.").

Under this stringent standard, the plaintiff's failure to state a claim must be "obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (citation omitted). Furthermore, the district court "must consider… whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare, LLC*, 889 F.3d at 550. *See also Arteaga v. FCA US LLC ,*No. CV 20-2702-DMG (PJWx), 2020 WL 2857488, at *2 (C.D. Cal. Jun. 2, 2020) (district court evaluating case removed from California state court should consider "California's liberal amendment standard"); *Ontiveros v. Michaels Stores, Inc.*, No. CV 12–09437 MMM (FMOx), 2013 WL 815975, at *4-5 (C.D. Cal. Mar. 5,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-09706 JAK (Ex) | | Date | May 26, 2021 |
|---|---|---|---|---|
| Title | Sanjiv Goel M.D., Inc. v. Aetha Health of California, Inc., et al | | | |

2013) ("Essentially, defendants must show that plaintiff cannot assert a claim against the non-diverse party as a matter of law... the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.").

Although the defendant asserting federal jurisdiction "is entitled to present the facts showing the joinder to be fraudulent[,]" *McCabe*, 811 F.2d at 1339, the Ninth Circuit has explained that the fraudulent joinder inquiry should not turn on the resolution of complex factual disputes. Rather, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)). Thus, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

  2. <u>Application</u>

    a) Whether AHC Has Been Fraudulently Joined

In many cases, "the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 549. The theories for recovery advanced in the Complaint are based on a single transaction, *i.e.*, the alleged underpayment to Plaintiff for the medical treatment provided to K.S. The Complaint alleges that Defendants are "financially responsible" for this payment. Dkt. 1-1 ¶ 33. The alleged responsibility arises from Cal. Health & Safety Code § 1371.4. Dkt 1-1 ¶¶ 28-29. That statute requires "health care service plans" regulated by the Knox-Keene Act to pay providers of emergency medical care reasonable reimbursement for their services. *Bell v. Blue Cross of Cal.*, 131 Cal. App. 4th 211, 221 (2005). *See also San Jose Neurospine v. Aetna Health of Cal., Inc.*, 45 Cal. App. 5th 953, 958 (2020) ("State law substantially limits the authority of health care service plans to deny claims for emergency services.").

This statutory duty of reimbursement is the basis of each of the seven causes of action advanced in the Complaint. The First and Third Causes of Action, for breach of implied-contract and breach of the implied covenant of good faith and fair dealing, are premised on an implied-in-law contract. Thus, it is alleged that Plaintiff was legally required to provide emergency services to K.S. pursuant to state and federal law, and that Section 1371.4 required ALIC to reimburse Plaintiff at a customary and reasonable rate. Dkt. 1-1 ¶¶ 27, 29, 49, 62. Plaintiff has clarified that these statutes are the basis of the implied-in-law contract. Dkt. 21 at 9-11. The Second Cause of Action is for unjust enrichment, and also depends on the "legal obligations" created by Section 1371.4. Dkt. 1-1 ¶ 55. The Fourth, Fifth, and Seventh Causes of Action, for quantum meruit, estoppel, and declaratory relief, are premised on the "independent obligation" that "necessarily arises from the implied-in-law contract created by Section 1371.4." Dkt. 21 at 15-16. The Sixth Cause of Action, for unfair business practices, is premised on Defendants' alleged violations of Section 1371.4 and its implementing regulations. Dkt. 1-1 ¶ 85.

Defendants have presented evidence that K.S. was a member of the Lacoste USA, Inc. benefit plan, which is administered by ALIC. Thus, they contend that only ALIC is potentially liable for alleged underpayments. This position is persuasive. Under Section 1371.4, the health care service plan must have "enroll[ed] the patient" for any duty of reimbursement to arise. The question of which Aetna entity "enroll[ed] K.S." is the sort of "discrete" factual inquiry appropriate for resolution in the context of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-09706 JAK (Ex) | Date | May 26, 2021 |
| Title | Sanjiv Goel M.D., Inc. v. Aetha Health of California, Inc., et al | | |

motion to remand. *Allen*, 784 F.3d at 634.

The Complaint also alleges that "regardless of whether the claim is the responsibility of AHC, ALIC, AHLIC, or a third party, Goel dealt directly with AHC, ALIC, and AHLIC[,] submitted the claims for reimbursement to AHC, ALIC, and AHLIC[,] communicated about the claims with AHC, ALIC, and AHLIC[,] and in many cases received payments from AHC, ALIC, or AHLIC." Dkt. 1-1 ¶ 11. Based on these allegations, Plaintiff argues that AHC and AHLIC are liable as the alter egos of ALIC. Dkt. 12 at 5. This argument is unpersuasive.

The alter ego doctrine "prevents individuals or other corporations from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud or other misdeeds." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000). "In California, two conditions must be met before the alter ego doctrine will be invoked. First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Id.* Although allegations pertaining to common interest and ownership could be added or clarified by amendment, *cf. Grancare*, 889 F.3d at 550, Plaintiff cannot allege that only proceeding against ALIC would be inequitable. *See Salkin v. United Servs. Auto Ass'n*, 767 F. Supp. 2d 1062, 1068 (C.D. Cal. 2011) ("Plaintiffs will be able to maintain their suit against USAA Life, the company from which Mr. Salkin purchased his policy, albeit in a federal, rather than state court.").

For the foregoing reasons, Defendants have met their burden to show that AHC and AHLIC were fraudulently joined in this action. Because ALIC is not a citizen of California, there is complete diversity between Plaintiff and Defendant.

> b) Whether Plaintiff's Stipulation to Limit the Amount in Controversy Precludes Diversity Jurisdiction

At the April 19, 2021 hearing, Plaintiff offered to stipulate that the financial recovery sought in this action did not exceed $75,000. Dkt. 28. Plaintiff argues that such a stipulation would preclude federal jurisdiction in this action, noting that the damages prayer did not request a specific amount. Defendants argue that it is too late for Plaintiff to limit the amount in controversy, and that the Complaint makes clear that more than $75,000 was at issue at the time of removal.

"Jurisdiction is to be determined as it exists at the time it was invoked." *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 296 (9th Cir. 1989). Thus, if the plaintiff "after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the jurisdictional amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). *Cf. Freeport McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.")

The Complaint contained several, specific allegations that the amount in controversy exceeded $75,000. *See, e.g.*, Dkt. 1-1 ¶ 3 ("The aggregate amount of the underpayments amounts to no less than $94,653.43, increasing by the day[.]"); *id.* ¶ 35 (same); *Id.* ¶ 56 ("Defendant… was enriched in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-09706 JAK (Ex) | | Date | May 26, 2021 |
|---|---|---|---|---|
| Title | Sanjiv Goel M.D., Inc. v. Aetha Health of California, Inc., et al | | | |

amount of $94,653.43."). Although the prayer for damages did not include a specific figure, these allegations in the Complaint made clear that more than $75,000 was at issue. Defendants correctly determined that the amount-in-controversy requirement was satisfied. *St. Paul*, 303 U.S. at 288 ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

\* \* \*

For the foregoing reasons, Defendants have shown that there is complete diversity in this action and that the amount in controversy exceeds $75,000. Therefore, the MTR is **DENIED**.

    B.    The MTD

        1.    <u>Legal Standard</u>

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading must allege facts that if established would be sufficient to show that a claim for relief is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Fed. R. Civ. P. 12(b)(6) permits a party to move to dismiss a cause of action that fails to state a claim. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

If a motion to dismiss is granted, the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this policy is to be applied "with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), allowing leave to amend is inappropriate in circumstances where litigants have failed to cure previously identified deficiencies, or where an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-09706 JAK (Ex) | Date | May 26, 2021 |
| Title | Sanjiv Goel M.D., Inc. v. Aetha Health of California, Inc., et al | | |

   2. <u>Application</u>

    a) Whether ALIC is a "Health Care Service Plan"

As discussed above, each of Plaintiff's seven causes of action is premised on the duty to reimburse under Section 1371.4. That statute only applies to "health care service plans" regulated by the Knox-Keene Act.

A health care service plan is "[a]ny person who undertakes to arrange for the provision of health care services to subscribers or enrollees, or to pay for or to reimburse any part of the cost for those services, in return for a prepaid or periodic charge paid by or on behalf of the subscribers or enrollees." Cal. Health & Safety Code § 1345(f)(1). Such a plan is commonly known as a health maintenance organization, which is referred to as an "HMO." *Centinela Freeman Emergency Med. Assocs. v. Health Net of Cal., Inc.*, 1 Cal. 5th 994, 1001 n.2 (2016). To qualify to operate in California, health care service plans must be licensed by the Department of Managed Health Care. *Hambrick v. Healthcare Partners Med. Grp., Inc.*, 238 Cal. App. 4th 124, 140 (2015) (citing Cal. Health & Safety Code § 1349).

The Complaint alleges that ALIC is a health care service plan, Dkt. 1-1 ¶ 7, but does not provide any supporting allegations for this legal conclusion. Defendants have presented evidence showing that ALIC is not a health care service plan, and that it is not so registered with the DMHC. Dkt 14-2; Dkt. 22-1 ¶ 3. Plaintiff did not respond to these points in the MTD Opposition.

Because "allegations that are merely conclusory" need not be credited as true, these allegations are insufficient when challenged on a motion to dismiss. *Sprewell*, 266 F.3d at 988. Accordingly, the Complaint does not sufficiently allege that ALIC is a "health care service plan" within the meaning of the Knox-Keene Act. Because ALIC's status as a health care service plan is the premise of each of Plaintiff's causes of action, the Complaint does not state a claim against ALIC.

    b) Remaining Arguments

Defendants present several other arguments in support of the MTD, including that the claims in the Complaint are inadequately pleaded and that they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. ("ERISA"). Plaintiff responded that, because these causes of action are premised on Section 1371.4, they are not preempted.

Because Plaintiff has conceded that the Complaint relies solely on the application of Section 1371.4, the preemption issue is not addressed.

\*   \*   \*

For the foregoing reasons, the MTD is **GRANTED**. Although the Complaint depends on the application of Section 1371.4, Plaintiff may be able to state a different legal basis for recovery of the alleged underpayments. Therefore, leave to amend is **GRANTED**.

**IV.** <u>Conclusion</u>

For the foregoing reasons, the MTR is **DENIED** and the MTD is **GRANTED**, with leave to amend. Defendants AHC and AHLIC are **DISMISSED WITH PREJUDICE** from this action. Plaintiff shall file any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-09706 JAK (Ex) | Date | May 26, 2021 |
|---|---|---|---|
| Title | Sanjiv Goel M.D., Inc. v. Aetha Health of California, Inc., et al | | |

amended complaint within 21 days of the issuance of this Order.

**IT IS SO ORDERED.**

                                                                                        :

Initials of Preparer    tj